# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| **Michael Rypiak,** | ) | **CASE NO. 1:23 CV 1394** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | |
| **The United States Federal Government,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| Defendant. | ) | |

*Pro se* Plaintiff Michael Rypiak filed this civil rights action against the United States Federal Government. (Doc. Nos. 1, 3). He did not pay the filing fee; rather, he filed a motion to proceed *in forma pauperis*. (Doc. No. 2). The motion is granted. For the following reasons, Plaintiff's complaint is dismissed.

## BACKGROUND

On July 19, 2023, Plaintiff filed a complaint against the United States Federal Government, in which it appears that he seeks to assert an employment discrimination claim under Title VII of the Civil Rights Act of 1964. (*See* Doc. No. 1-1, Civil Cover Sheet). On the civil cover sheet filed with his complaint describing his cause of action, Plaintiff states, "at-will employment is in violation of the Fourteenth Amendment's Equal Protection Clause." (Doc. No. 1-1). On August 15, 2023, Plaintiff filed an amended complaint in which he additionally alleges that the Civil Rights Act of 1991's cap on damages is also a violation of the Equal Protection

Clause. (Doc. No. 3).

Plaintiff alleges that he was a financial services intern at Southwest General. On June 23, 2023, his supervisor Cheryl Hadaam allegedly pulled him into her office and informed him that the Chief Financial Officer had noticed his feet kicked up on a chair in a closed cubicle while he was on break. He alleges Hadaam informed him that "it was not a big deal and nothing more than a learning experience" and that she "truly appreciated all the great work [plaintiff] was doing." (Doc. No. 3, ¶ 5). According to Plaintiff, he responded to Hadaam that "he was feeling harassed by the Chief Financial Officer and was too frustrated to talk after staying an hour late to make sure all the work was thoroughly completed before leaving on vacation." (*Id.*). He alleges that Hadaam merely responded "ok," and thereafter he received a phone call informing him that his position was terminated. (*Id.* at ¶¶ 5, 6). He states he believes he was terminated for "informally reporting harassment" by the Chief Financial Officer. (*Id.* at ¶ 12). Plaintiff claims that "these actions" violated his equal protection rights." (*Id.* at ¶ 7).

Plaintiff also alleges that "the general court rulings and practices of the entire United States government in making at-will employment an accepted practice ... creates a loophole for corporations to fight in court to hide their discrimination." (*Id.* at ¶ 7). And he states that "never will someone be fired for the fun of it." (*Id.*). Finally, Plaintiff argues that the Civil Rights Act of 1991's cap on damages "goes against the ... equal protection clause as well." (*Id.* at ¶ 10). Plaintiff demands that the Court overturn all previous court rulings involving at-will employment. (*Id.* at ¶ 13).

## STANDARD OF REVIEW

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S.

Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Ad. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but he must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### **DISCUSSION**

Title VII makes it unlawful for an employer to "discriminate against any individual with

respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e 2(a)(1). Title VII also contains an anti-retaliation provision, which prohibits employers from "discriminat[ing] against any of [its] employees ... because [the employee] has opposed any employment practice made an unlawful employment practice [by Title VII] … or because [the employee] has made a charge" that the employer has engaged in an unlawful employment practice. *Id.* § 2000e 3(a).

Upon review, the Court finds that Plaintiff's complaint fails to allege a plausible Title VII claim. There is nothing in the complaint indicating the existence of an employment relationship between Plaintiff and the United States government, nor are there any allegations that relate to any form of discrimination by the defendant. Rather, it appears that Plaintiff objects to at-will employment laws and a damages cap, which he attributes to the defendant. Any possible Title VII claim appears to be directed at Southwest General, which is not a defendant in this action. Plaintiff's Title VII claim is, therefore, dismissed as a matter of law.

To the extent that the complaint alleges the defendant's purported action violates his equal protection rights, that claim also fails. The Equal Protection Clause prohibits discrimination by government actors that either burdens a fundamental right, targets a suspect class, or intentionally treats one differently than others similarly situated without any rational basis for the difference. *Rondigo, L.L.C. v. Township of Richmond*, 641 F.3d 673, 681-682 (6th Cir. 2011); *Radvansky v. City of Olmsted Falls*, 395 F.3d 291, 312 (6th Cir.2005). The threshold element of an equal protection claim is disparate treatment. *Scarbrough v. Morgan Cnty. Bd. of Educ.*, 470 F.3d 250, 260 (6th Cir. 2006).

Here, Plaintiff appears to blame the United States government for at-will employment

laws and caps on damages. This dissatisfaction does not amount to a claim of discrimination. Moreover, Plaintiff does not allege that he is a member of a suspect class, nor does he allege that he was treated differently than other similarly situated individuals. To the extent he claims that employees are treated differently than corporations, this claim does not create an equal protection claim because employees are not a suspect class. Plaintiff, therefore, fails to state an equal protection claim.

## CONCLUSION

Accordingly, Plaintiff's motion to proceed *in forma pauperis* (Doc. No. 2) is granted, and this action is hereby DISMISSED pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

/s/ Patricia A Gaughan
PATRICIA A. GAUGHAN
United States District Judge

Dated: 10/30/23